ADANTÉ D. POINTER, ESQ., SBN 236229
PATRICK M. BUELNA, ESQ., SBN 317043
MICHAEL A. SLATER, ESQ. SBN 318899
**POINTER & BUELNA, LLP LAWYERS FOR THE PEOPLE**
155 Filbert St., Suite 208
Oakland, CA 94607
Tel: 510-929-5400
Email: APointer@LawyersFTP.com  Email: PBuelna@LawyersFTP.com
Email: MSlater@LawyersFTP.com

Attorneys for Plaintiff D.M., a minor

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.M., a minor, by and through her Guardian Ad Litem, KENEESHA FOBBS;<br><br>Plaintiff,<br><br>v.<br><br>OAKLAND UNIFIED SCHOOL DISTRICT, a California public entity; ELLEN STUFFLESTREET, an individual; and DOES 1-25, inclusive.<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>(1) Violation of the Right to Bodily Integrity – Fourteenth Amendment (42 U.S.C. § 1983)<br><br>(2) Excessive Force – Fourth Amendment (42 U.S.C. § 1983)<br><br>(3) Municipal Liability (42 U.S.C. § 1983)<br><br>(4) Battery (Cal. Gov. Code § 820)<br><br>(5) Intentional Infliction of Emotional Distress (Cal. Gov. Code § 820)<br><br>(6) Violation of the Tom Bane Civil Rights Act (Cal. Civ. Code § 52.1)<br><br>(7) Negligence (Cal. Gov. Code § 820)<br><br>**JURY TRIAL DEMANDED** |

/ / /

/ / /

/ / /

/ / /

## COMPLAINT FOR DAMAGES

Plaintiff D.M., a minor, by and through her Guardian Ad Litem, Keneesha Fobbs; for her Complaint for Damages against Defendants Oakland Unified School District, Ellen Stufflestreet and DOES 1-25, inclusive; hereby alleges as follows:

## INTRODUCTION

1. This civil rights action arises from a violent and unlawful physical assault committed by a public-school teacher against a five-year-old special-education student while acting under color of state law. While entrusted with the care, supervision, and safety of Plaintiff D.M., Defendant Ellen Stufflestreet abruptly struck Plaintiff, knocked her to the ground, and grabbed her by the throat – conduct that was wholly punitive, entirely unjustified, and unrelated to any legitimate educational or safety objective. Plaintiff brings this action to vindicate her constitutional right to bodily integrity and to be free from excessive force, and to hold both the individual wrongdoer and the Oakland Unified School District accountable for the severe physical and psychological harm caused by this egregious abuse of authority.

## PARTIES

2. Plaintiff D.M. is a minor child, having been born in 2018. At all times relevant, Plaintiff was a kindergarten special-education student at East Oakland Pride Elementary School, within the Oakland Unified School District.

3. Keneesha Fobbs is Plaintiff's mother and brings this action as Guardian Ad Litem. At the times of the violations of law alleged herein and continuing to the present, Ms. Fobbs has resided with Plaintiff in the State of California.

4. Defendant Oakland Unified School District ("Oakland USD") is a public entity duly organized and existing under California law as a school district. Oakland USD is responsible for the operation, administration, supervision, hiring, training, and discipline of staff at East Oakland Pride Elementary School. Oakland USD is located within the County of Alameda, California.

5. Defendant Ellen Stufflestreet is, and at all relevant times was, employed by Oakland USD as a teacher at East Oakland Pride Elementary School. Defendant Stufflestreet is sued in their

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

individual capacity.

6. Plaintiff is ignorant of the true names and/or capacities of Defendants sued herein as DOES 1 through 25 and, therefore, sue the DOE Defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of the DOE Defendants when ascertained. Plaintiff believes and alleges that each of the DOE Defendants is legally responsible and liable for the incident, injuries, and damages hereinafter set forth. Each of the DOE Defendants proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, and violation of public policy. Each of the DOE Defendants is liable for their personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care, or control or upon any other act or omission.

## JURISDICTION

7. This Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 1983. This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this judicial district under 28 U.S.C. section 1391(b)(2), because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this judicial district.

9. Plaintiff timely complied with the California Tort Claims Act. A written claim was presented to Oakland USD on July 25, 2025 – within six months of the violations of law alleged herein. Oakland USD has failed to resolve the claim and it has been rejected by operation of law. Accordingly, Plaintiff has exhausted her pre-filing requirements under California law.

## FACTUAL ALLEGATIONS

10. On February 13, 2025, Plaintiff was a five-year-old kindergarten student enrolled in a special-education classroom at East Oakland Pride Elementary School.

11. At approximately 10:30 a.m., Plaintiff attempted to get the attention of her teacher, Defendant Stufflestreet, by gently tugging on her shirt and tapping her arm while Defendant

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

1  Stufflestreet was assisting another student.

2  12. Plaintiff's conduct was developmentally normal for a young child, particularly one
3  enrolled in special education.

4  13. In response, Defendant Stufflestreet abruptly turned and forcefully struck Plaintiff
5  with a backhand slap, knocking Plaintiff to the ground.

6  14. Defendant Stufflestreet then grabbed Plaintiff by the throat, lifted her, and chastised
7  her, exerting physical force on a small child's neck and airway.

8  15. Plaintiff did not pose a threat, was not aggressive, and did not require physical restraint
9  of any kind.

10 16. Defendant Stufflestreet's use of force was entirely punitive, malicious, and unrelated
11 to any legitimate educational or safety objective.

12 17. Another Oakland USD employee, substitute teacher Barry Honore, witnessed the
13 assault and reported it to Oakland USD officials.

14 18. As a direct result of Defendant Stufflestreet's conduct, Plaintiff suffered physical
15 injury and pain, emotional distress, fear, anxiety, humiliation, and lasting psychological trauma.

16 19. Defendant Stufflestreet's conduct described herein were within the course and scope
17 of Defendant Stufflestreet's employment with Oakland USD.

18 20. Oakland USD failed to adequately train, supervise, discipline, or remove Defendant
19 Stufflestreet in a manner amounting to deliberate indifference to constitutional rights.

## FIRST CAUSE OF ACTION

**Violation of the Right to Bodily Integrity – Fourteenth Amendment (42 U.S.C. § 1983)**

*(Plaintiff Against Defendants Ellen Stufflestreet and DOES 1-25)*

23 21. Plaintiff incorporates all the foregoing allegations of this Complaint as though fully
24 set forth herein.

25 22. The Fourteenth Amendment to the United States Constitution guarantees Plaintiff the
26 constitutional right to be free from violations of her bodily integrity, including to be free from physical
27 abuse by school personnel at the Oakland USD.

23. At all relevant times, Defendant Stufflestreet was acting under color of state law and exercised complete physical authority and control over Plaintiff, a five-year-old special-education student entrusted to her care.

24. Defendant Stufflestreet's conduct – including striking Plaintiff with a backhand slap, knocking her to the ground, and then grabbing Plaintiff by the throat – was not undertaken for any pedagogical, disciplinary, or safety-related purpose.

25. Plaintiff posed no threat to herself, Defendant Stufflestreet, or others, and there existed no exigent or emergency circumstance justifying any use of physical force, let alone force directed at a child's head and neck.

26. As a direct and proximate result of Defendant Stufflestreet's conduct, Plaintiff suffered physical pain, emotional distress, fear, anxiety, humiliation, and lasting psychological trauma.

27. Defendant Stufflestreet acted intentionally, or at a minimum with deliberate indifference to the known and obvious risk of serious physical and psychological harm to a young child.

28. Defendant Stufflestreet's uses of force against Plaintiff were egregious, outrageous and shock the conscience; and/or were committed with oppression and/or malice; and/or were despicable and perpetrated with a willful and conscious disregard for Plaintiff's safety and wellbeing.

## SECOND CAUSE OF ACTION

**Excessive Force – Fourth Amendment (42 U.S.C. § 1983)**

*(Plaintiff Against Defendants Ellen Stufflestreet and DOES 1-25)*

29. Plaintiff incorporates all the foregoing allegations of this Complaint as though fully set forth herein.

30. The Fourth Amendment guarantees students the right to be free from unreasonable seizures and excessive force by school officials.

31. Defendant Stufflestreet seized Plaintiff when she intentionally struck Plaintiff, knocked her to the ground, and physically restrained her by the throat.

32. The force used by Defendant Stufflestreet was objectively unreasonable under the

totality of the circumstances, including Plaintiff's young age, small size, special-education status, non-threatening conduct, and the absence of any safety justification.

33. Defendant Stufflestreet's actions constituted unreasonable and excessive corporal punishment prohibited by clearly established constitutional law.

34. No reasonable teacher in Defendant Stufflestreet's position could have believed that striking and choking a five-year-old student was lawful.

35. As a direct and proximate result of Defendant Stufflestreet's conduct, Plaintiff suffered physical pain, emotional distress, fear, anxiety, humiliation, and lasting psychological trauma.

36. Defendant Stufflestreet's uses of force against Plaintiff were egregious, outrageous and shock the conscience; and/or were committed with oppression and/or malice; and/or were despicable and perpetrated with a willful and conscious disregard for Plaintiff's safety and wellbeing.

### THIRD CAUSE OF ACTION

### Municipal Liability (42 U.S.C. § 1983)

*(Plaintiff Against Defendant Oakland Unified School District)*

37. Plaintiff incorporates all the foregoing allegations of this Complaint as though fully set forth herein.

38. Defendant Oakland USD is a local government entity subject to liability under 42 U.S.C. § 1983.

39. At all relevant times, Oakland USD maintained policies, practices, customs, and/or usages that permitted or tolerated the use of physical force against young and special-education students.

40. Oakland USD failed to implement adequate policies prohibiting physical abuse by teachers, failed to properly train teachers regarding lawful student discipline and restraint, and failed to supervise and discipline employees who used unlawful force against students.

41. Oakland USD knew or should have known that its inadequate training and supervision created a substantial risk that teachers would engage in unconstitutional uses of force against vulnerable students.

42. Oakland USD's failures amounted to deliberate indifference to the constitutional rights of students like Plaintiff.

43. Defendant Stufflestreet's unconstitutional conduct was a foreseeable consequence of Oakland USD's policies, practices, and failures.

44. Oakland USD's policies, customs, and deliberate indifference were the moving force behind the violations of Plaintiff's constitutional rights and the injuries she sustained.

## FOURTH CAUSE OF ACTION

**Battery (Common Law) (Cal. Gov. Code § 820)**

*(Against Defendants Ellen Stufflestreet & DOES 1-25 (Directly) & Oakland USD (Vicariously))*

45. Plaintiff incorporates all the foregoing allegations of this Complaint as though fully set forth herein

46. Defendant Stufflestreet's uses of force, as described herein, were intentional and meant to harm and/or offend Plaintiff.

47. Plaintiff did not consent to Defendant Stufflestreet's uses of force.

48. A reasonable person in Plaintiff's position would have been offended by Defendant Stufflestreet's uses of force.

49. As a direct and proximate result of Defendant Stufflestreet's conduct, Plaintiff suffered physical pain, emotional distress, fear, anxiety, humiliation, and lasting psychological trauma.

50. Defendant Stufflestreet's uses of force against Plaintiff were egregious, outrageous and shock the conscience; and/or were committed with oppression and/or malice; and/or were despicable and perpetrated with a willful and conscious disregard for Plaintiff's safety and wellbeing.

51. Defendant Stufflestreet's uses of force against Plaintiff were committed within the course and scope of her employment with the Oakland USD. The Oakland USD is vicariously liable for state law torts committed by Defendant Stufflestreet and DOE Defendants – including, but not limited to their battery conduct described herein, pursuant to California Government Code section 815.2(a).

///

## FIFTH CAUSE OF ACTION

**Violation of the Tom Bane Civil Rights Act (Civ. Code § 52.1)**

*(Against Defendants Ellen Stufflestreet & DOES 1-25 (Directly) & Oakland USD (Vicariously))*

52. Plaintiff incorporates all the foregoing allegations of this Complaint as though fully set forth herein.

53. Defendant Stufflestreet's conduct described herein demonstrate her specific intent to violate Plaintiff's right to be free from excessive force.

54. Defendant Stufflestreet's Tom Bane Act violations were egregious, outrageous, and shock the conscience; and/or were committed with oppression, malice, or despicable conduct perpetrated with a willful and conscious disregard for Plaintiff's civil rights, safety, health, and well-being.

55. As a direct and proximate result of Defendant Stufflestreet's Tom Bane Act violations, Plaintiff has been damaged as described herein.

56. Defendant Stufflestreet's Tom Bane Act violations were committed within the scope of her employment with the Oakland USD. Oakland USD is vicariously liable for state law torts committed by Defendants, including their Tom Bane Act violations, pursuant to California Government Code section 815.2(a).

## SIXTH CAUSE OF ACTION

**Intentional Infliction of Emotional Distress (Cal. Gov. Code § 820)**

*(Against Defendants Ellen Stufflestreet & DOES 1-25 (Directly) & Oakland USD (Vicariously))*

57. Plaintiff incorporates all the foregoing allegations of this Complaint as though fully set forth herein.

58. Defendant Stufflestreet's conduct – including striking, knocking down, and grabbing a five-year-old child by the throat – was extreme and outrageous and exceeded all bounds of decency tolerated in a civilized society.

59. Defendant Stufflestreet abused her position of authority and trust over a young, vulnerable, special-education student entrusted to her care.

60. Defendant Stufflestreet intended to cause emotional distress to Plaintiff, or acted with reckless disregard of the probability that her conduct would cause severe emotional distress.

61. Defendant Stufflestreet knew or should have known that physically assaulting a small child, particularly by applying force to the child's neck and airway, would cause terror, fear, and lasting psychological harm.

62. Plaintiff in fact suffered severe emotional distress as a result of Defendant Stufflestreet's conduct, including fear of school, anxiety, withdrawal, emotional regression, and lasting psychological trauma.

63. Defendant Stufflestreet's conduct was a substantial factor in causing Plaintiff's emotional distress.

64. At all relevant times, Defendant Stufflestreet acted within the course and scope of her employment with Defendant Oakland USD. Oakland USD is vicariously liable pursuant to California Government Code § 815.2(a).

## SEVENTH CAUSE OF ACTION

### Negligence (Common Law) (Cal. Gov. Code § 820)

*(Against Defendants Ellen Stufflestreet & DOES 1-25 (Directly) & Oakland USD (Vicariously))*

65. Plaintiff incorporates all the foregoing allegations of this Complaint as though fully set forth herein.

66. Defendant Stufflestreet and DOE Defendants owed Plaintiff a duty of reasonable care, including a duty to protect her from foreseeable harm while she was under their custody, supervision, and control at school.

67. Defendant Stufflestreet breached that duty by using unnecessary, excessive, and dangerous physical force against Plaintiff, including force directed at Plaintiff's head and neck.

68. Defendant Stufflestreet and DOE Defendants further breached their duties by failing to follow reasonable and lawful classroom-management practices and by failing to use nonviolent, developmentally appropriate interventions.

69. It was reasonably foreseeable that the use of physical force against a young,

vulnerable, special-education student would result in physical injury and severe emotional distress.

70. As a direct and proximate result of Defendant Stufflestreet's and DOE Defendants' negligence, Plaintiff suffered physical injury, emotional distress, and lasting psychological harm.

71. At all relevant times, Defendant Stufflestreet and DOE Defendants were acting within the course and scope of their employment with Oakland USD. Oakland USD is therefore vicariously liable for their negligent acts and omissions pursuant to California Government Code § 815.2(a).

## JURY DEMAND

WHEREFORE, Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages according to proof;
2. For special damages according to proof;
3. For statutory damages;
4. For punitive damages (but not against the Oakland USD);
5. For attorney's fees;
6. For prejudgment interest;
7. For costs of suit; and
8. For such other and further relief as the Court deems just and proper.

Dated: February 11, 2026

**POINTER & BUELNA, LLP**
**LAWYERS FOR THE PEOPLE**

By: */s/ Michael Slater*
ADANTE POINTER
PATRICK BUELNA
MICHAEL SLATER
Counsel for Plaintiffs D.M., a minor